USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 20, 2015

Honorable Ketherine Polk Faillia
United States District Court Judge for
Southern District of New York:

RECEIVED

NOV 12 2015

KATHERINE POLK FAILLA
U.S. DISTRICT JUDGE
S.D.N.Y.

Respectfully informed to the court hereby plaintiff that I have submitted an amended complaint attached onto a copy of the original papers filed in the pro se office on November 4th 2014.

Your honor if plaintiff may, he respectfully request and humbly asks if the court will, to allow him to regard the teleconference of August 27th, 2015.

I did not get a chance to apologize to the court in the instance when your honor ordered a new, better, pleading that to amend my complaint.

I ask the court if it was in reference plaintiff's letter/motion affidavit of plaintiff XXXX affirmation of March 30, 2015. I think I understand what your Honor said to plaintiff. I submit that I sincerely apologize your honorable Judge, and if I may ask for the court's Judicial notice for plaintiff's ordeal with the defendants the search and the search warrant and the events I was explaining in the initial Letter/Motion I sent to the court, what has transpired at the apartment therein thereafter and up to this time remains distressing psychologically. The experience(s) there from continue to be quite difficult to overcome and plaintiff is grateful for any Judicial notice the court may import.

Respectfully submitted

-Plaintiff-

Stephen Privetere
95 Highland Road
Staten Island, New York 10308

Dated: 11/10/2015

Stephen Privetere

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN PRIVETERRE,
          Plaintiff,

-Against-

SEAN CHARLSON, Shield No. _____
(Captain – Narcotics Borough Manhattan North Command)

ANTHONY RONDA, Shield No. _____
(Lieutenant – Narcotics Borough Manhattan North Command)

JOEY ALIX, Shield No. 456
(Sergeant – Transit Bureau District 11)

MATTHEW FORTE, Shield No. 19992
(Detective – Narcotics Borough Manhattan North)

ERIC ORTIZ, Shield No. _____
(Detective – Narcotics Borough Manhattan North)

OSCAR FERNANDEZ, Shield No. 7103
(Detective – Narcotics Borough Manhattan North)

CHRISTOPHER HERDIA, Shield No. 1339
(Detective – Narcotics Borough Manhattan North)

KEITH CARPENTER, Shield No. 5123
(Detective – Narcotics Borough Manhattan North)

JAMAL HAIRSTON, Shield No. 203
(Detective – Narcotics Borough Manhattan North)

CARLOS SIERRA, Shield No. 2246
Detective – Manhattan Court Section

ANDRE REYES, Shield No. 14634
(Police Officer – First Precinct N.Y.P.D.)

ROBERT FRANK, Shield No.
(Former detective for the City of New York Police Department)
                    Defendants.

COMPLAINT
Under the
Civil Rights Act. 42 USC § 1983
(AMMENDED)
Jury Trial Requested
Civil Case No. 14CV8841

I.      Parties in this Complaint:

A.      Plaintiff: Stephen Priveterre
        95 Highland Rd.
        States Island, New York 10308

B.      Defendants:

[Defendant No. 1]    SEAN CHARLSON, Shield No._____ currently employed by the City
                     of New York: New York Police Department and functioning therein
                     the capacity of Captain for the Narcotics Borough Manhattan North
                     Command and stationed at, 1 Police Plaza, Room 1100, New York,
                     N.Y. 10038

[Defendant No. 2]    ANTHONY RONDA, Shield No. _____currently Employed by the
                     City of New York: New York Police Department and functioning in
                     the capacity of Lieutenant for the Narcotics Borough Manhattan
                     North Command and stationed here at, 1 Police Plaza, Room 1100,
                     New York, N.Y. 10038.

[Defendant No. 3]    JOEY ALIX, Shield No. 456 currently employed by the City of New
                     York: New York Transit Police and is functioning in the capacity of
                     Sergeant for the MTA transit Bureau District 11 Station located at,
                     161st Street, Bronx, New York, 10451.

[Defendant No. 4]    MATTHEW FORTE, Shield No. 19992 currently employed by the City
                     of New York: New York Police Department and functioning in the
                     capacity of Detective for the Narcotics Borough Manhattan North
                     Command and stationed at, 1 police Plaza, Room 1100, New York,
                     N.Y. 10038

[Defendant No. 5]    ERIC ORTIZ, Shield No. _____currently employed by the City of
                     New York: New York Police Department and functioning in the
                     capacity of Detective for the Narcotics Borough Manhattan North
                     Command and stationed at, 1 Police Plaza, Room 1100, New York,
                     N.Y. 10038

[Defendant No. 6]    OSCAR FERNANDEZ, Shield No. 7103 currently employed by the City
                     of New York: New York Police Department and functioning in the
                     capacity of Detective for the Narcotics Borough Manhattan North
                     command and stationed at, 1 Police Plaza, Room 1100, New York,
                     N.Y. 10038

[Defendant No. 7]      CHRISTOPHER HERDIA, Shield No. 1339 currently employed by the City of New York: New York Police Department and functioning in the capacity of Detective for the Narcotics Borough Manhattan North Command and stationed at, 1 Police Plaza, Room 1100, New York, N.Y. 10038.

[Defendant No. 8]      KEITH CARPENTER, Shield No. 5123 currently employed by the City of New York: New York Police Department and functioning in the capacity of Detective for the Narcotics Borough Manhattan North command and stationed at, 1 Police Plaza, Room 1100, New York, N.Y. 10038

[Defendant No. 9]      JAMAL HAIRSTON, Shield No. 203 currently employed by the City of New York: New York Police Department and functioning in the capacity of Detective for the Narcotics Borough Manhattan North Command and stationed at, 1 Police Plaza, Room 1100, New York, N.Y. 10038

[Defendant No. 10]     CARLOS SIERRA, Shield No. 2246 currently employed by the city of New York: New York Police Department and functioning in the capacity of Detective for the Manhattan court section and stationed at, 1 police plaza, Room S139, New York, N.Y. 10038.

[Defendant No. 11]     ANDRE REYES, Shield No. 14634 currently Employed by the City of New York: New York Police Department and functioning in the capacity of Police officer and assigned to the First precinct N.Y.P.D., Located at 16 Ericsson Place, New York, N.Y. 10013

[Defendant No. 12]     ROBERT FRANK, Shield No. _____and Prior Assignment of the Former Detective for the City Of New York: New York Police Department 2nd Service Address unavailable at this time.

Footnotes:

1  Plaintiff respectfully informs the Court herein that this Amended complaint her unto attached upon a copy of the original complaint made under the Civil Rights Act 42 USC § 1983 first filed at the Pro. Se office U.S.D.C. S.D.N.Y. on November 04th, 2014.

2  Detective Richard Baez whom had been named upon original complaint withdrawn

3  Regarding this court's Valentin Order: Defendants No.1, No.3, No.6, No.7, No.8, No.9, No.10, No.11 and No.12 respectively updates the names listed in the above captioned action of this amended complaint.

4  Shield numbers of defendants No.1, No.2, and No.5 have not been furnished in compliance with this court's Valentin Order and is undisclosed to Plaintiff.

5  With regard to former Detective Robert Frank (Defendant No. 12): The circumstances surrounding defendant no longer with N.Y.P.D. undisclosed a reason.

II.   Statement of Claim: Am Stephen, Priveterre a resident of the state New York Naturalized Citizen of the United States wherein hereinafter I hereby state a claim as Plaintiff hereto.

Regarding the names of [12] Defendants named in the above caption the Plaintiff herein bring a civil action against them whom to regards.

[Claim No. 1] The events in which giving rise to Plaintiff's claim occurred on June 8th, 2012 during the early morning hours of 5:50 am

[Claim No. 2] The Location upon which the events transpired complained of the complaint having taken place where Plaintiff did live for proximately 15 years had inherited the premises where to from his Biological mother Kathleen Donlon gave Plaintiff what was considerably in effect a rent stabilized apartment wherein which Plaintiff also resided there at also with his then fiancé faith Murillo for Approximately two and one half years respectively together wherein of 2028 2nd Avenue, New York. N.Y. 10029 Apartment #3N Whereat.

[Claim No. 3] Plaintiff states that he and his then fiancé faith Murillo efficaciously had maintained a secure effect that was instrumental in means to the cost of living which was essential to the supporting structure upon Plaintiff's and her agreement toward 50/50 contribution toward food, clothing, shelter respectively regards Plaintiff's economic displacement claimed herein.

[Claim No. 4] Plaintiff herein state that on the Morning of June 8th around 5:50 a.m. he and fiancé were home at the apartment wearing undergarments only and Plaintiff had been disturbed by a loud bashing sound coming a from the opposite side of the apartment (a railroad flat) there from the outside hallway of 2028 2nd Avenue, New York N.Y. 10029 Apt. 3N Regards

[Claim No. 5] of the events transpiring mentions of defendants at all times pointing out the defendants of concern whereupon defendants broke into Plaintiff's apartment damaging the entry way thereto in the sense that the Door Jam Frame had been bent off and dislodged a from the doors entry way into the apartment destroying its original design. Which was beyond Plaintiff's and fiancé means to repair. Plaintiff however, had to pad lock the door from the inside place a cross beam to force the door to close as near to the frame possible and fasten the cross beam onto the apartment walls structure to maintain a permanent Fixture thereon and use the other door which was located in the apartment state where and use that door to enter and exit, the apartment no longer had an emergency exit that was functional but the apartment was no longer up to a safe standard. Plaintiff's apartment was not secured by police for the reasons he respectfully informs (below):

i)   If the apartment was secure by police the police could not secure it with Plaintiff's keys because the door was destroyed. Completely it could not close.

ii)   As Plaintiff states he had to pad lock it and secure it with a cross beam from the inside and  if the police had secured it Plaintiff avers that he would have had to go the precinct wherein he had been booked (for an item which was not indicated on the warrant as things to be searched and

seized not to mention $20.00 worth of Marijuana in the privacy of my own home could not justify a legitimate reason for the invasion into Plaintiff's apartment in the first place) however, Plaintiff would have had to go to detective forte the arresting officer to obtain a key or ask police to let me into my own apartment if they would have secured Plaintiffs apartment.

Another reason Plaintiff states the apartment was not secured by any of the defendants was that Plaintiff was not offered any document upon which to sign stating that anything was taken for evidence, in the extent that there was no items lost, stolen, damaged property meanwhile the party of [12] defendants in action of executing the search of the apartment with defendant locked in a van with his fiancé. Regards Plaintiff's search warrant and the execution of the search outside his presence not to mention the dereliction of commanding officers defendant Captain Sean Charlson Lieutenant Anthony Ronda of Narcotics Borough Manhattan North command failure to act when there was duty to act existing with production of a warrant upon request of Plaintiff and otherwise secure the apartment and account for no damage or lost property of Plaintiff claiming nonfeasance herein.

[Claim No. 6]
Plaintiff State and claim that because he believes primarily and principally that by nature Plaintiff has certain rights and he recognize that all people have those rights whether they know that they do and some people may not however Plaintiff does and he in respect to those rights claimed to police that morning a certain legal right which Plaintiff asked to see a warrant and by profanity, and intimidation Plaintiff was pressed head on toward the wall face first in hallway dressed only in underwear as was Plaintiff's fiancé in boxers and braless in a tank top tee shirt and in absence of a female officer.

I say Mr. Sharpe had come out of his apartment the neighbor in the apartment 3S and asked "Hey what's going on?" You! Get the ____ back in your house it was humiliating meanwhile with my buttocks exposed and no less of embarrassment to have a detective pull my under wear down what ever the reason for it Plaintiff states and claims hearing the cries of my then fiancé screaming out my name calling for my help because in my presence and by peripheral sight I counted 12 Malicious Police officers. I feared truly want to rob me consistently asking me where's the money? The defendants took turns frisking there were at least 4 officials fonding her rendering me powerless to act to protect my then fiancé caused injury claimed herein hereto, mental anguish, emotional distress and the Right to be free from intimidation, use of Psychological cruelty in Kind by eminent threat of the use of force by the City of New York Police Department officials whom trans grossed upon a lawful act in wrongful manner maliciously to keep Plaintiff form further endeavoring to exercise a legal right claimed herein

[Claim No. 7] Plaintiff states that he attempted to address the matter with the Civilian Complaint Review Board Letters were returned to sender having the correct address thereon envelopes. I respectfully make claim hereon my own right for the Compensatory damages for lost, stolen, otherwise destroyed property in the sum of 2.5 Million dollars for the claims above mentioned herein.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 10th day of November , 2015 .

Signature of Plaintiff _Stephen Puretene_

Notary

11/10/2015

Address _95 Highland Road_
_Staten Island, New York 10308_

ROBERTO CHICAIZA
Notary Public - State of New York
NO. 01CH6238672
Qualified in Kings County
My Commission Expires 4/11/2019

I declare under penalty of perjury that on this 10th day of November, 20 15 , I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Stephen Puretene._

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN PRIVETERRE,

**14CV8841**

_____

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

MATTHEW FORTE; ERICK ORTIZ;
LT. ROUDA ANTHONY; RICHARD BAEZ

_____

_____

_____

_____

_____

_____

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes  ☐ No
(check one)

_(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)_

I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
      confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
      as necessary.

Plaintiff      Name      SEE NEXT PETITION
               ID # _____
               Current Institution _____
               Address _____
               _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
      may be served. Make sure that the defendant(s) listed below are identical to those contained in the
      above caption. Attach additional sheets of paper as necessary.

_Rev. 05/2007_                                    1

Defendant No. 1    Name ___ SEE NEXT PETITION _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 2    Name _____ SEE NEXT PETITION _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 3    Name      SEE NEXT PETITION _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 4    Name    SEE NEXT PETITION _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 5    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

## II.   Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _____
          SEE NEXT PETITION
_____

B.    Where in the institution did the events giving rise to your claim(s) occur? _____
          SEE NEXT PETITION
_____
_____

C.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
          SEE NEXT PETITION
_____

*Rev. 05/2007*

2

D.   Facts: _____ SEE NEXT PETITION _____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____ SEE NEXT PETITION _____
_____
_____
_____

| Was anyone else involved? |

_____ SEE NEXT PETITION _____
_____
_____

| Who else saw what happened? |

_____ SEE NEXT PETITION _____
_____
_____

III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____ SEE NEXT PETITION _____
_____
_____
_____
_____

IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _X_

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). SEE NEXT PETITION

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

    Yes _____   No _X_   Do Not Know _____

C.. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

    Yes _____   No _X_   Do Not Know _____

    If YES, which claim(s)? _____ NONE _____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes _____   No _X_

    If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes _____   No _X_

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance? NONE

    1.  Which claim(s) in this complaint did you grieve? ____ NONE _____

    _____

    2.  What was the result, if any? _____ NONE _____

    _____

    3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____
    NONE _____

    _____

    _____

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here: _____
    SEE NEXT PETITION _____

    _____

    _____

    2.  If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any: SEE NEXT PETITION
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
     remedies. _____
     _____SEE NEXT PETITION_____
     _____
     _____
     _____
     _____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

V.   Relief:   SEE NEXT PETITION
State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).   ____SEE NEXT PETITION_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 05/2007*

5

VI.   Previous lawsuits:

On
these
claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___   No X

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____ NONE _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____ NONE _____

3.   Docket or Index number ___NONE_____

4.   Name of Judge assigned to your case _____ NONE _____

5.   Approximate date of filing lawsuit ___NONE_____

6.   Is the case still pending? Yes ____  No X
     If NO, give the approximate date of disposition _____ NONE _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor? Was the case appealed?) ___NONE_____
_____
_____

On
other
claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____   No X

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____ NONE _____

Defendants _____ NONE _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____ NONE _____

3.   Docket or Index number _____ NONE _____

4.   Name of Judge assigned to your case _____ NONE _____

5.   Approximate date of filing lawsuit ___NONE_____

6.   Is the case still pending? Yes ____  No X
     If NO, give the approximate date of disposition _____ NONE _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

NONE

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _29_ day of _October_ , 20_14_

Signature of Plaintiff   _Stephen Privetene_

Inmate Number   13-R-0063

Institution Address   MOHAWK CORRECTIONAL FACILITY

6514 ROUTE 26, PO 8451

ROME, NEW YORK 13442

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _29_ day of _October_ , 20_14_, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _Stephen Privetene_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN PRIVETERRE,

                Plaintiff,

          v.

MATTHEW FORTE; ERICK ORTIZ;
LT. ROUDA ANTHONY; RICHARD
BAEZ,

                Defendants.

---

COMPLAINT
UNDER THE CIVIL RIGHTS
ACT, 42 U.S.C. § 1983

Jury Trial Requested

CIV. No. _____

## I. Jurisdiction

1.) This is a Civil Action brought by a prisoner who is or was held in the care and custody of the Department of Correctional Services, and at all times held in New York City Municipality City Jail, denied U.S. Constitutional Rights. This action is brought under Title 42 U.S.C. §§ 1983, 1985, 1988, and this Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1343, 1361, 1391, 2202.

## II. Plaintiff

2.) Plaintiff Stephen Priveterre, is a citizen of the United States and New York State. More specifically, and were at all times mentioned herein resided at 2028 2nd Avenue, New York, New York "Apartment #3N". He is presently confined at Mohawk Correctional Facility, 6514 Route 26, P.O. Box 8451, Rome, New York 13442.

## III. Defendants

3.) Defendant Matthew Forte, is a New York City Police Officer, who is at all times mentioned in this complaint was assigned to the 23rd Precinct.

4.) Defendant Erick Ortiz, is a New York City Police Officer, who is at all times mentioned in this complaint was assigned to the 23rd Precinct.

5.) Defendant Lieutenant Rouda Anthony, is a New York City Police Officer, who is at all times mentioned in this complaint was assigned to the 23rd Precinct.

6.) Defendant Richard Baez, is a New York City Police Officer, who is at all times mentioned in this complaint was assigned to the 23rd Precinct.

### IIII. Nature Of The Action

7.) This action is authorized by 42 U.S.C. Section 1983, 1985, 1986, 1988, and seek to recover compensatory and punitive monetary damages for the deprivation under color of law of rights guaranteed to the plaintiff by the United States Constitution, and further seeks the recover of compensatory and punitive damages of acts and conduct of these defendants who intentionally, pursuant to a general pan, scheme and conspiracy and under color of state law, denied plaintiff rights to equal protection of the law and equal privileges and immunities guaranteed by law. In addition, Plaintiff seek compensatory and punitive damages against these defendants for their reckless, negligent and intentional failure to prevent the continued commission of grossly improper, unlawfully, illegal and unconstitutional acts by these defendants who denied plaintiff rights guaranteed by the United States Constitution and State law.

8.) More specifically, plaintiff seeks relief for acts and conducts which denied plaintiff his rights, under the U.S. Constitution, inter alia:

   a) His rights guaranteed by the Eighth Amendment, to be free from cruel and unusual punishment;

   b) His rights guaranteed by the Fourteenth Amendment, to be free from arbitrary denial of liberty without process of law:

This action is made applicable by the doctrine of the pendant jurisdiction.

Finally, Plaintiff also seek declaratory injunctive relief to prevent the recurrence of the challenged acts and practices.

## Allegations of Facts

9.) Plaintiff Stephen Priveterre, merely attempts to show that the violations committed by the named defendants in this action, all of whom are presently assigned to the 23rd Precinct, in New York City, and employed by the Municipality as police officers in different ranks.

## The Arrest

10.) On June 8, 2012, at approximately 6:30 a.m., the defendants forcefully broke-down plaintiff's apartment doors and entered his residence at 2028 Second Avenue, New York County, and arrested plaintiff and his girlfriend, wherein plaintiff was removed from his premises and falsely charged with "Criminal Possession of Marihuana in the fifth degree" Penal Law § 221.10(1). See __Exhibit-(A)__, attached hereto. Arrest ID. #12651125-N.

11.) From the above stated arrest including the date of filing this complaint, the defendants police officers have combined, conspired and agreed with each other and with other unknown defendants police officers, knowingly, intentionally to cause plaintiff the lost of properties, and the abuse of mental emotional health, by placing plaintiff in a city jail, and leaving his residence un-secured, wherein plaintiff's apartment was completely vandalized of furniture, clothing, monies and jewelry, not accounted for by these defendants, that was present when plaintiff was taken out of his apartment and detained in a city jail, that was being lead by defendant Matthew Forte, and agreed upon by the other defendants.

## Dismissal of Charges

12.) On February 26, 2013, City Court Judge Quinones, of New York County, Ordered all charges dismissed with prejudice. See Exhibit-(B), the basics of Plaintiff's false arrest and imprisonment claims, for the relief sought under section 1983, against the defendants who were acting under color of state law, and a lack of adequate training and supervision of officers who conspired against plaintiff.

## Police Training

13.) Specifically, Plaintiff asserts that the defendants, lack of training and supervision not to commit or suborn perjury and not deprive plaintiff his right to equal protection of the law constitutes a deliberate indifference to his constitutional rights and proximately caused him wrongful imprisonment and lost of properties.

## Reasonable Reward

14.) Plaintiff now seeks to recover compensatory and punitive damages for the deprivation under color of law of rights guaranteed to the plaintiff by the United States Constitution, denied by these defendants, who schemed and conspired under color of law, intentionally failed to prevent the continued commission of grossly improper, unlawfully, illegal and unconsitutional acts of these defendants who denied the acts of these defendants who denied plaintiff the: (4th) Fourth; (5th) Fifth; (6th) Sixth (8th) Eighth; and (14th) Fourteenth Amendment to the United States Constitution, and seeks relief in the amount of (50) Fifty Million Dollars.

Dated:

Sincerely yours,

*Stephen Priveterre*

Stephen Priveterre, Pro Se
6514 Route 26, P.O. Box 8451
Rome, N.Y. 13442

I declare under the penalties of perjury that the above is true to the best of my knowledge, pursuant to 28 U.S.C. Section 1746, on this 29 day of October 2014.

*Stephen Priveterre*

Stephen Priveterre

Fax Server                    6/7/2012 5:41:09 PM   PAGE    2/002    Fax Server

### CRIMINAL COURT OF THE CITY OF NEW YORK
### COUNTY OF NEW YORK

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | VIOLATION | Page 1 of 1 |
| -against- | | |
| 1. Stephen Privetera (M 34) | NYSID # | |
| | 1551225 | |
| | Defendant. | |

Police Officer Matthew Forte, shield 19992 of the Narcotic Boro Manhattan North, states as follows:

On June 8, 2012, at about 06:30 hours inside of 2028 Second Ave. in the County and State of New York the Defendant committed the offenses of:

1.   PL221.05   Unlawful Possession of Marijuana
               (1 count)

the defendant knowingly and unlawfully possessed marijuana.

The offenses were committed under the following circumstances:

Deponent states that deponent executed Search Warrant # 0472/2012, at the above-mentioned location. Deponent further states that deponent recovered two (2) clear plastic ziplock bags of marijuana from the top of a table inside of the above-mentioned location. Deponent further states that the defendant told him, in substance: THAT'S MY WEED IN THE BEDROOM.

Deponent states that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrest, and the odor emanating from the substance, as well as the defendant's statements.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____                    6/8/12   1888
Deponent                                    Date and Time

ACTS Version 4.3.5 Created -  9/3/08/12 5:35 PM

ARREST Report - M12651125

# New York City Police Department
## Omniform System - Arrests

**RECORD STATUS: ARR PRO CMPL**

**Arrest ID: M12651125 - N**

**Arrest Location: INSIDE OF #028 2 AVENUE APT: 3N**

**Pct: 023**

Arrest Date: 06-08-2012

Time: 06:30:00

Sector: A

Strip Search Conducted: NO

Viper Initiated Arrest: NO

Stop And Frisk: NO

Serial #: 0000-000-00000

Processing Type: ON LINE

CJS Fax Number: MO032636

Special Event Code: -

DAT Number: 0

Return Date: 0000-00-00

## ARREST DATA - COMPLAINT NOT REQUIRED

Jurisdiction: NYPD

Premises: RESIDENCE - APT. HOUSE

Location Within: APARTMENT

Occur.Date/Time: 2012-06-08 - 00:30

NYC Housing Development:

NYC School Safety Data, NYC Transit Data:

On School Property:

School Type:

School Num:

School Name:

Station:

Line #:

Location:

Offense Location: INSIDE OF 2028 2 AVEN E APT: 3N   Borough: MANHATTAN

## CHARGES:

Arrest#: M12651125

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|--------|----------|----------|-------|------|--------|-------------|
| TOP | No | PL 221.10 01 M | | | 1 | CRIM POSS MARIHUANA-5TH-PUBLIC |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

## DETAILS:

Arrest #: M12651125

AT T/P/O PURSUANT TO S/W# 0472-2012 T E DEFT WAS FOUND TO BE IN POSSESSION OF A QUANTITY OF MARIJUANA.

## DEFENDANT: PRIVETERRE, STEPHEN

NYSID #:

Arrest #: M12651125

Nick/AKA/Maiden: STEVE

Sex: MALE

Race: WHITE

Age: 34

Date Of Birth: 12/27/1977

U.S. Citizen: YES

Place Of Birth: NEW YORK

Is this person not Proficient in English?: NO

If Yes, Indicate Language:

Accent: NO

Physical Condition: APPARENTLY NORMAL

Drug Used: NONE

Height: 5FT 9IN

Weight: 180

Eye Color: BROWN

Hair Color: BROWN

Hair Length: LONG

Hair Style: PONY TAIL

Skin Tone: LIGHT

Complexion: CLEAR

Soc. Security 134-62-R: 0060

Occupation: UNKNOWN

Lic/Permit Type:

Lic/Permit No:

Order Of Protection: NO

Issuing Court:

Docket #:

Expiration Date:

Relation to Victim: UNKNOWN/NONE

Living together: NO

Can be identified: NO

Gang/Crew Affiliation: NO

Name:

Identifiers:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|----------|---------|------|-------------|-----|----------|-----|
| HOME-PERMANENT | 2028 2 AVENUE | MANHATTAN | NEW YORK | | 3N | 023 |

Phone # and E-Mail Address: HOME: 212-4 -0595

N.Y.C.H.A. Resident: NO  N.Y.C. Housing E ployee: NO   On Duty: NO

Development:   N.Y.C. Transit E ployee: YES

Physical Force:NONE

| | |
|---|---|
| Used Transit System: NO | |
| Station Entered: | |
| Time Entered: | |
| Metro Card Type: | |
| Metro Card Used/Poses: | |
| Card #: | |

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | FOOTWEAR - WORK BOOTS - BLACK |
| CLOTHING | ACCESSORIES - JEANS - BLUE |
| CLOTHING | OUTERWEAR - T-SHIRT OR TANK TOP - WHITE |
| CLOTHING | HEADGEAR - HAT - UNKNOWN COLOR |
| CHARACTERISTICS | BEARDED |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

## JUVENILE DATA:                                    Arrest #: M12651125

| Juvenile Offender: | Relative Notified: | Personal Recog: |
| Number Of Priors: 0 | Name: |
| School Attending: | Phone Called: |
| Mother's Maiden Name: | Time Notified: |

## ASSOCIATED ARRESTS:                                Arrest #: M12651125

ARREST ID  COMPLAINT #

## DEFENDANTS CALLS:                                  Arrest #: M12651125

CALL # NUMBER DIALED  NAME CALLED
1      --             REFUSED

## INVOICES:                                          Arrest #: M12651125

INVOICE# COMMAND PROPERTY TYPE VALUE

## ARRESTING OFFICER: POM MATTHEW FORTE              Arrest #: M12651125

| Tax Number: | On Duty: YES | | Force Used: NO |
|---|---|---|---|
| Other ID (non-NYPD): | In Uniform: NO | | Type: |
| Shield: 19992 | Squad: 23 | | Reason: |
| Department: NYPD | Chart: 08 | | Officer Injured: NO |
| Command: 544   Primary Assignment: | | | |

| Arresting Officer Name: POM FORTE, MATTHEW | Tax #: | Command: 544 | Agency: NYPD |
|---|---|---|---|
| Supervisor Approving: LT RONDA ANTHONY | Tax #: | Command: 544 | Agency: NYPD |
| Report Entered by: DT3 BAEZ, RICHARD | Tax #: | Command: 544 | Agency: NYPD |

END OF ARREST REPORT
M12651125

Print this Report

**CRIMINAL COURT OF THE CITY OF NEW YORK**
**RECORD OF COURT ACTION**

| Date | HOLD _____ | Present | Absent | Readiness |
|---|---|---|---|---|
| | | ☒ Defendant | ☐ Defendant | ☐ π ready |
| | | ☒ Attorney | ☐ Attorney | ☐ π not ready |
| | | Interpreter | | |

Δ sentenced prisoner in SCI → 3-6 years 2nd call before lunch.

| | Reason for Adjournment | |
|---|---|---|
| ☐ S/D | ☐ Hearing | |
| ☐ OFD/Discovery | ☐ Bench Trial | |
| ☐ Possible Disposition | ☐ Jury Trial | |
| ☐ Decision | ☐ Program _____ | |

**Part**

**Judge**

**Reporter**

☐ TOP

| Notify | | |
|---|---|---|
| ☐ Charged | ☐ Defendant | ☐ Defendant Excused |
| ☐ Excluded | ☐ Attorney | |

Bail Condition _____

Judge

---

| Date | HOLD _____ | Present | Absent | Readiness |
|---|---|---|---|---|
| | | ☐ Defendant | ☐ Defendant | ☐ π ready |
| | | ☒ Attorney | ☐ Attorney | ☐ π not ready |
| | | Interpreter | | |

AC waves Δ's app

DISMISSED - MOTION OF DA
PEOPLE CAN NOT PROVE
BEYOND A REASONABLE DOUBT
SEALED CPL 160.50

PART D
MON FEB 26 2013
WILLIAM MCGUIRE

| | Reason for Adjournment | |
|---|---|---|
| ☐ S/D | ☐ Hearing | |
| ☐ OFD/Discovery | ☐ Bench Trial | |
| ☐ Possible Disposition | ☐ Jury Trial | |
| ☐ Decision | ☐ Program _____ | |

**Part**

**Judge**

**Reporter**

☐ TOP

| Notify | | |
|---|---|---|
| ☐ Charged | ☐ Defendant | ☐ Defendant Excused |
| ☐ Excluded | ☐ Attorney | |

Bail Condition _____

Judge

---

| Date | HOLD _____ | Present | Absent | Readiness |
|---|---|---|---|---|
| | | ☐ Defendant | ☐ Defendant | ☐ π ready |
| | | ☐ Attorney | ☐ Attorney | ☐ π not ready |
| | | Interpreter | | |

| | Reason for Adjournment | |
|---|---|---|
| ☐ S/D | ☐ Hearing | |
| ☐ OFD/Discovery | ☐ Bench Trial | |
| ☐ Possible Disposition | ☐ Jury Trial | |
| ☐ Decision | ☐ Program _____ | |

**Part**

**Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN PRIVETERRE,

                        Plaintiff,

        - against -

MATTHEW FORTE; ERICK ORTIZ;
LT. ROUDA ANTHONY: RICHARD
BAEZ,
                        Defendant.

---

### CERTIFICATE OF SERVICE BY MAIL

    I certify that I served pursuant to 28 U.S.C. 1746, the 1983
Complaint and two copies on the Court mentioned below:

    U.S. DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE
    500 PEARL STREET
    NEW YORK, N.Y. 10007-1312


postage paid, on 10/29 2014
            Rome, N.Y.


                        STEPHEN PRIVETERRE,
                        MOHAWK CORRECTIONAL FACILITY
                        6514 ROUTE 26, P.O. BOX 8451
                        ROME, N.Y. 13442

                        _Stephen Priveterre_
                        STEPHEN PRIVETERRE, PRO SE

FROM: STEPHEN PRIVETERRE
95 HIGHLAND ROAD
STATEN ISLAND N.Y. 10308



CERTIFIED MAIL®

7015 0920 0000 0162 9109

ATTN: HON. U.S. DISTRICT JUDGE

TO: UNITED STATES DISTRICT COURT
CHAMBERS OF
KATHERINE POLK FAILLA
U.S. COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007



USM40LD
SDNY







U.S. POSTAGE
PAID
NEW YORK, NY
10028
NOV 10, '15
AMOUNT
$5.31

U.S. POSTAGE
PAID
NEW YORK, NY
10028
NOV 10, '15
AMOUNT
$2.80
00105528-18